UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

              -v.-                                 ORDER

FELIX LAGARES,                         10-CR-392-13 (CS)

                      Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Felix Lagares' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1187), and the Government's opposition thereto, (Doc. 1189).[1]

      On December 12, 2012, after trial, Defendant was sentenced principally to 132 monhs' imprisonment on his conviction for narcotics conspiracy and to 84 months' imprisonment, to run consecutively, on his conviction for using and carrying a firearm in connection with that conspiracy. (Doc. 781.)[2] He has served approximately 123 of those 216 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

---

[1] When able to do so, the Government is directed to send to chambers for filing under seal hard copies of the sealed exhibits to its opposition.

[2] The sentences recommended under the Sentencing Guidelines were 188-235 months and 60 months, respectively, for a total of 248-295 months.

defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

For the reasons set forth in *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), and *United States v. Roberts*, No. 18-CR-525, 2020 WL 1700032 (S.D.N.Y. Apr. 8, 2020), I am without authority to reduce Defendant's sentence under that statute unless he has exhausted his administrative remedies.  He does not purport to have done so and the Government represents that he has not. Specifically, the Government represents that Defendant did not seek compassionate release from the Bureau of Prisons ("BOP") until July 15, 2020.  Until 30 days elapse without a positive response from BOP, he will not have exhausted and I cannot reduce his sentence.  Because Defendant presumably will have exhausted soon, however, I reach the merits.

Defendant, who is 31 years old, argues that he suffers from health conditions – including asthma, sleep apnea and morbid obesity – that put him at increased risk for severe disease should he contract COVID-19.  Presumably he means to contend that he fits the fourth category described above.  The Government concedes that Defendant's morbid obesity, combined with the COVID-19 pandemic, amounts to an extraordinary and compelling reason.[3]  I note that FCI

---

[3]The Government points out, correctly, that sleep apnea does not appear the Centers for Disease Control ("CDC") list of factors that increase the risk of a severe case or might do so.  It also correctly points out that, while moderate-to-severe asthma appears on the CDC list of factors that might increase risk, there is no indication that Defendant suffers from moderate -to-severe asthma; his medical records indicate that his asthma is well controlled without the use of an inhaler.

Fort Dix, where Defendant is housed, reports no current cases of COVID-19 among inmates or staff (with 39 inmates and 5 staff having recovered). But I will assume that Defendant's morbid obesity, which seems to be getting worse,[4] is – combined with the risks the pandemic presents to those in prison – amounts to an extraordinary and compelling reason.

I must next consider the § 3553(a) factors. Defendant's offense was serious: he was an active and loyal member of a violent gang – the Newburgh Latin Kings – that engaged in widespread violence and drug dealing. Defendant sold crack and other drugs on the street and in his home. He further possessed multiple guns – a .44 he hid in a baby stroller, a revolver and a .22 – including in circumstances suggesting he had used one or planned to do so. Disturbingly, he demonstrated his ongoing loyalty to the Latin Kings – even after his friend Jerome Scarlett was killed – by continuing his gang activity from jail, including participating in a fight with a member of a rival gang after his conviction at trial. He has eleven disciplinary infractions in prison, ranging from 2013 to 2019. As the Government points out, this suggests that it is unlikely that Defendant would follow the rules of home confinement or supervised release if his sentenced were reduced to time served.

Releasing defendant after he has served about 57% of his sentence – a sentence that already was well below what the Guidelines recommended – would undermine several of the purposes of sentencing. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not give sufficient weight to the seriousness of the offense or Defendant's disrespect for the law. It would defeat the deterrent effect of the sentence. It would not sufficiently protect the public from further crimes by Defendant – a real risk given

---

[4]Defendant's medical records show that he has gained over 50 pounds in the last four years.

Defendant's post-conviction conduct. In short, even in light of the real risks presented by the COVID-19 pandemic, the § 3553(a) factors outweigh them.

Accordingly, even if I had jurisdiction to grant the motion, it would be denied..

Dated: August 7, 2020
      White Plains, New York

                                                    CATHY SEIBEL, U.S.D.J.